IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH RYAN REESE,<br><br>   Plaintiff,<br><br>   v.<br><br>CDCR, et al.,<br><br>   Defendants. | No. 2:24-CV-3359-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

/ / /

/ / /

1

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) the California Department of Corrections and Rehabilitation (CDCR); (2) Jason Shultz, the warden at California State Prison – Solano (CSP-Solano); (3) A. Hennigan, a plumber at CSP-Solano; and G. Skelton, a plumber at CSP-Solano. See ECF No. 1, pgs. 1-2. Plaintiff presents three claims for relief.

In Claim I, Plaintiff alleges that, on November 27, 2023, CDCR conspired to wrongfully terminate Plaintiff from his prison job as a plumber. See id. at 3. Plaintiff also claims that CDCR allowed "subordinates" to "make discriminatory remarks like 'nigger' and 'you are the only Black plumber." Id.

In Claim II, Plaintiff claims that, on November 27, 2023, Defendant Schultz, the prison warden, violated Plaintiff's rights "by allowing his employees to discriminate against me based on my race." Id. at 4.

In Claim III, Plaintiff asserts that, on November 20, 2023, Defendant Skelton conspired with the other defendants to "wrongfully terminate me and discriminate against me by prohibiting me from coming to work. . . ." Id. at 5. Plaintiff adds that Defendant Skelton called him a "nigger" and made him feel uncomfortable at work. Id. Plaintiff also alleges in Claim III that, on November 27, 2023, Defendant Hennigan "forced" Plaintiff to accept a work change

because of Plaintiff's race.  Id.  Plaintiff alleges that Defendant Skelton also filed false reports. See id.

## II.  DISCUSSION

The Court finds that Plaintiff plausibly states potentially cognizable claims against Defendants Hennigan and Skelton for violations of Plaintiff's rights under the Equal Protection Clause based on Plaintiff's allegations of racial discrimination.  Plaintiff's claim against CDCR, however, cannot proceed because that defendant is immune under the Eleventh Amendment. Plaintiff's claim against the prison warden, Defendant Schultz, cannot proceed because Plaintiff fails to allege facts sufficient to establish supervisor liability.  While Plaintiff's claim against CDCR cannot be cured, as explained below, Plaintiff will be provided leave to amend as to his claim against Defendant Schultz.

### A.     **Eleventh Amendment Immunity**

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).   A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

Here, Plaintiff has named CDCR as a defendant.  Because CDCR is the state's agency responsible for incarceration and correction, it is immune under the Eleventh Amendment and cannot be sued.  This defect is not subject to cure by way of further amendment.

/ / /

/ / /

/ / /

/ / /

**B.     Supervisor Liability**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisory defendant may also be liable where he or she knew of constitutional violations but failed to act to prevent them. See Taylor, 880 F.2d at 1045; see also Starr v. Baca, 633 F.3d 1191, 1209 (9th Cir. 2011).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Here, Plaintiff alleges that Defendant Schultz, the prison warden, allowed his employees to discriminate against Plaintiff. Thus, Plaintiff's claim against Defendant Schultz proceeds on a theory of respondeat superior, which is not a cognizable theory in a civil rights action. Plaintiff will be provided an opportunity to amend to allege Defendant Schultz's personal involvement.

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.[1]  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  January 23, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1]  As explained herein, Plaintiff is not entitled to leave to amend as to his claim against CDCR, which is an immune defendant.  If Plaintiff continues to name CDCR as a defendant, the Court will recommend dismissal of CDCR with prejudice.