IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH RYAN REESE,<br><br>        Plaintiff,<br><br>    v.<br><br>CDCR, et al.,<br><br>        Defendants. | No. 2:24-CV-3359-DMC-P<br><br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action. Pending before the Court is Plaintiff's first amended complaint, ECF No. 10.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

///

///

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action with a pro se complaint filed on December 2, 2024, asserting claims against the California Department of Corrections and Rehabilitation (CDCR), Defendant Hennigan, Defendant Schultz, and Defendant Skelton. See ECF No. 1. On January 23, 2025, the Court issued an order granting Plaintiff leave to amend to cure defects in Plaintiff's claims. See ECF No. 8. Specifically, the Court stated:

> The Court finds that Plaintiff plausibly states potentially cognizable claims against Defendants Hennigan and Skelton for violation of Plaintiff's rights under the Equal Protection Clause based on Plaintiff's allegations of racial discrimination. Plaintiff's claims against CDCR, however, cannot proceed because that defendant is immune under the Eleventh Amendment. Plaintiff's claim against the prison warden, Defendant Schultz, cannot proceed because Plaintiff fails to allege facts sufficient to establish supervisor liability. While Plaintiff's claim against CDCR cannot be cured,. . . Plaintiff will be provided leave to amend as to his claim against Defendant Schultz.
>
> Id. at 3.

On February 13, 2025, Plaintiff filed his first amended complaint. See ECF No. 10.

/ / /

/ / /

### B.   Plaintiff's Allegations

Plaintiff names the following as defendants: (1) Jason Shultz, the warden at California State Prison – Solano (CSP-Solano); (2) A. Hennigan, a plumber at CSP-Solano; and (3) G. Skelton, a plumber at CSP-Solano. See ECF No. 10, pg. 2. CDCR, which had been named as a defendant in the original complaint, is no longer named in the first amended complaint.

Plaintiff claims that, on November 27, 2023, Defendant Schultz, the prison warden, violated Plaintiff's rights "by allowing his employees to discriminate against me by using inappropriate words like 'nigger' and 'you are the only black plumber.'" Id. at 3. According to Plaintiff, on November 27, 2023, Defendant Hennigan forced Plaintiff to accept a work change based on race. See id. at 4. Plaintiff states that he is the only black plumber. See id. Plaintiff also claims that he was wrongfully terminated and discriminated against by Defendant Hennigan through Defendant filing false reports. See id.

Next, Plaintiff asserts that, on November 20, 2023, Defendant Skelton conspired with the other defendants to "wrongfully terminate me from my job as a plumber, he discriminated against me. . . ." Id. at 5. Plaintiff adds that Defendant Skelton called him a "nigger" and made him feel uncomfortable at work. Id.

## II.  DISCUSSION

As with the original complaint, the Court finds that Plaintiff's first amended complaint plausibly states potentially cognizable claims against Defendants Hennigan and Skelton for violations of Plaintiff's rights under the Equal Protection Clause. By separate order issued herewith, the Court will direct service on Defendants Hennigan and Skelton. Plaintiff's claim against the prison warden, Defendant Schultz, remains defective because Plaintiff fails to allege facts sufficient to establish supervisor liability. Plaintiff will not be provided further leave to amend as to his claim against Defendant Schultz.

///
///
///

1          Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisory defendant may also be liable where he or she knew of constitutional violations but failed to act to prevent them. See Taylor, 880 F.2d at 1045; see also Starr v. Baca, 633 F.3d 1191, 1209 (9th Cir. 2011).

          When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

          Here, Plaintiff alleges that Defendant Schultz, the prison warden, allowed his employees to discriminate against Plaintiff. Thus, Plaintiff's claim against Defendant Schultz proceeds on a theory of respondeat superior, which is not a cognizable theory in a civil rights action. The Court has advised Plaintiff of this pleading defect and afforded an opportunity to amend, yet the defect still persists. Further leave to amend is not warranted.

/ / /

/ / /

/ / /

/ / /

/ / /

4

### III. CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

    1.     It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

    2.     It is ORDERED that the Clerk of the Court is directed to terminate CDCR as a named defendant.

    3.     It is RECOMMENDED that Defendant Schultz be DISMISSED for failure to state a claim against whom relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 24, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE