IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH RYAN REESE,<br><br>    Plaintiff,<br><br>    v.<br><br>A. HENNIGAN, et al.,<br><br>    Defendants. | No. 2:24-cv-3359-WBS-DMC-P<br><br>ORDER REFERRING CASE TO POST-SCREENING ADR AND STAYING CASE FOR 120 DAYS |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. An answer has been filed and the case is now at issue.

       The undersigned is referring all post-screening civil rights cases filed by pro se state inmates to Post-Screening Early ADR (Alternative Dispute Resolution) in an effort to resolve such cases more expeditiously and less expensively. Defense counsel from the Office of the California Attorney General has agreed to participate in Early ADR. No defenses or objections shall be waived by their participation.

       As set forth in the screening order, Plaintiff has stated a potentially cognizable civil rights claim. Thus, the Court stays this action for a period of 120 days to allow the parties to investigate Plaintiff's claims, meet and confer, and then participate in a settlement conference.

/ / /

/ / /

1

1 | There is a presumption that all post-screening prisoner civil rights cases assigned
2 | to the undersigned will proceed to settlement conference.[1]  However, if after investigating
3 | Plaintiff's claims and speaking with Plaintiff, and after conferring with defense counsel's
4 | supervisor, defense counsel in good faith finds that a settlement conference would be a waste of
5 | resources, defense counsel may move to opt out of Early ADR.  A motion to opt out must be filed
6 | within 45 days of the date of this order.
7 | Once the settlement conference is scheduled, at least seven days prior to the
8 | conference, the parties shall submit to the settlement judge a confidential settlement conference
9 | statement.  The parties' confidential settlement conference statements shall include the following:
10 | (a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a
11 | short procedural history; (d) an analysis of the risk of liability, including a discussion of the
12 | efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made
13 | to settle the case.  Defense counsel shall e-mail the settlement conference statement to the
14 | settlement judge's e-mail box for proposed orders, available on the court's website.  Plaintiff shall
15 | place his settlement conference statement in the U.S. mail addressed to the settlement conference
16 | judge, United States District Court, 501 I Street, Sacramento, CA  95814.  Plaintiff shall mail his
17 | settlement conference statement so that it is received by the Court at least seven days before the
18 | settlement conference.
19 | In accordance with the above, IT IS HEREBY ORDERED that:
20 | 1.    This action is stayed for 120 days to allow the parties an opportunity to
21 | settle their dispute before the discovery process begins.  Except as provided herein or by
22 | subsequent court order, no other pleadings or other documents may be filed in this case during the
23 | stay of this action.  The parties shall not engage in formal discovery, but the parties may elect to
24 | engage in informal discovery.
25 | 2.    Within 45 days from the date of this order, Defendants shall file any
26 | motion to opt out of Post-screening Early ADR.
27 | ///

---

[1] If the case does not settle, the Court will issue a discovery and scheduling order.

3.	At least seven days prior to the settlement conference, each party shall submit a confidential settlement conference statement, as described above, to the settlement judge. Defense counsel shall e-mail the settlement conference statement to the settlement judge's proposed orders e-mail address. Plaintiff shall place his settlement conference statement in the U.S. mail addressed to the settlement judge, United States District Court, 501 I Street, Sacramento, CA 95814. Plaintiff shall mail his settlement conference statement so that it is received by the court at least seven days before the settlement conference.

4.	If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

5.	The parties remain obligated to keep the court informed of their current addresses at all times during the stay and while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." See Local Rule 182(f).

**Dated: October 22, 2025**

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3