**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEITH RYAN REESE, | No.  2:24-CV-3359-WBS-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| A. HENNIGAN, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil rights action. On October 22, 2025, the Court referred this matter for a mandatory settlement conference.  See ECF No. 21.  On January 13, 2026, the matter was set for a settlement conference to be conducted on April 23, 2026, by Magistrate Judge Allison Claire.  See ECF No. 24 (minute order).  Plaintiff failed to appear at the April 23, 2026, settlement conference as ordered.  See ECF No. 25 (minutes from conference).  On May 14, 2026, the undersigned ordered Plaintiff to show cause within 30 days why this action should not be dismissed for Plaintiff's failure to appear at the April 23, 2026, settlement conference.  See ECF No 26.  Plaintiff has been warned that failure to comply with court orders could result in dismissal of the action.  See Local Rule 110.  To date, Plaintiff has not responded to the order to show cause.

/ / /

/ / /

1

The Court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of Plaintiff's failure to appear at a mandatory settlement conference on April 23, 2026, as directed, the Court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 25, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2